WAYNE COUNTY CRIMINAL DEFENSE BAR ASSOCIATION v CHIEF JUDGES OF WAYNE CIRCUIT COURT, No. 122709. On order of the Court, the motion of the Legal Aid and Defender Association of Detroit, Inc. to intervene as a party plaintiff is granted, and the complaint and brief filed with the motion are accepted. The motion for admission pro hac vice of Martin S. Pinales and the motion for leave to file a brief amicus curiae are granted.

The complaints for superintending control are considered, and relief is denied because the Court is not persuaded that it should grant the requested relief. We are not persuaded by plaintiffs' complaints and supporting papers that the Chief Judges of the Wayne Circuit Court have adopted a fee schedule which, at this time, fails to provide assigned counsel reasonable compensation within the meaning of MCL 775.16.

CORRIGAN, C.J. I concur in the denial order. Contrary to the assertion of plaintiffs, the chief judges have not admitted that the fee schedule provides unreasonable compensation. Moreover, the fee schedule includes a mechanism for counsel to request additional fees in exceptional cases. The present fee schedule does not present the systemic failure to provide reasonable compensation that was found in the fixed fee schedule at issue in *In re Recorder's Court Bar Ass'n v Wayne Circuit Court*, 443 Mich 110 (1993). Plaintiff's anecdotal claims of unreasonably low compensation do not show that the fees paid to appointed counsel are generally unreasonable. See *In re Meizlish*, 387 Mich 228 (1972). A comparison of fees paid currently to fees paid in the past or to fees paid to nonappointed attorneys is not dispositive. There have been increased efficiencies and new cost-saving technologies over the years, as well as increases in costs; and the overhead costs for attorneys assigned to indigent criminal defendants are sometimes lower than similar costs for attorneys performing other types of work. *Recorder's Court Bar Ass'n*, 443 Mich 114 n 4. Nor have plaintiffs shown that the fees paid for an entire case or fees that an attorney receives over time are generally so low as to be unreasonable. Although plaintiffs have shown that fees paid under the Wayne Circuit Court fee schedule are frequently low, plaintiffs have not shown that the fee schedule generally results in unreasonable compensation. According to national compensation figures prepared by the Spangenberg Group for the American Bar Association Standing Committee on Legal Aid and Indigent Defendants, the average compensation paid to plaintiffs falls near the middle of the range of compensation nationwide.[1]

CAVANAGH and KELLY, JJ. We would appoint a master.

*Orders Entered July 1, 2003:*

PROPOSED AMENDMENT AND REDESIGNATION OF ADMINISTRATIVE ORDER NO. 1993-5-STATE BAR OF MICHIGAN ACTIVITIES. On order of the Court, this is to advise that the Court is considering a proposed administrative order to replace Administrative Order No. 1993-5, as recommended by the State

---

[1] The figures can be accessed at http://www.mipublicdefense. org/research/2002%20non-capital%20rates.pdf